868 So.2d 813 (2004)
Gail E. JACKSON
v.
WAL-MART STORES, INC.
No. 03-CA-1054.
Court of Appeal of Louisiana, Fifth Circuit.
February 10, 2004.
*816 Wade A. Langlois, Iii, David D. Kervin, Jr., Windhorst, Gaudry, Ranson, Higgins & Gremillion, L.L.C., Gretna, LA, for Plaintiff/Appellee.
Catherine Orwig Hunter, Allen & Gooch, Boulevardmetairie, LA, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., SOL GOTHARD and JAMES L. CANNELLA.
SOL GOTHARD, Judge.
Defendant, Super Wal-Mart, appeals from a judgment of the workers' compensation court in favor of plaintiff, Gail E. Jackson. For the reasons that follow, we affirm the decision of the trial court.
On June 19, 2001, Ms. Jackson filed this disputed claim for workers' compensation. In her claim she alleged that she was injured in a work related accident on May 3, 2001. She stated that she was removing boxes from a pallet when one came down and struck her on the neck and side of her face, breaking her glasses. She sought wage and medical benefits, and authorization for treatment by a physician of her choice.
After trial on the merits, on June 18, 2003, the workers' compensation judge rendered judgment in favor of plaintiff, finding that plaintiff was injured in the course and scope of her employment, and that she met the requisite burden of proof to establish a causal connexity between the accident and her injuries. The court further found that plaintiff was entitled to temporary total disability benefits from the date of the accident to November 11, 2002, and to payment of all medical, medication and transportation expenses. The court also found that defendant was arbitrary and capricious in its failure to pay medical expenses and in failing to authorize claimant's physician of choice. Defendant was ordered to pay penalties of $2,000.00 and attorney fees of $3,000.00.
Wal-Mart filed a motion for appeal on June 30, 2003. Plaintiff filed an answer with this court on September 11, 2003.
The parties stipulated that Ms. Jackson was employed by Wal-Mart on May 3, 2001, and that she was involved in an accident on that date. The parties further stipulated that claimant's average weekly wage was $291.20, and that no weekly compensation benefits had been paid.
At trial, Ms. Jackson testified that she was employed as a night stocker at the Wal-Mart in Harvey, Louisiana. Her hours were 10:00 p.m. to 7:00 a.m. On the night of May 3, 2001, she went to work. At approximately 6:30 a.m., a manager came and told her she needed something on the bottom of a pallet. Ms. Jackson was taking down boxes to get to the bottom ones when several of the boxes started *817 to fall. She raised her left arm; however, one of the boxes hit her, breaking her glasses. At that time, she reported to the night manager; however, no report was filed. She took some glasses off the shelf to wear until she could get hers replaced. She began experiencing headaches. She worked for a few days after that, and then began having pain in her shoulder and neck, and she was unable to move her neck. Several days later, she called to find out about replacement glasses and discovered that no report had been filed. She filled out a report at that time.
Because she kept experiencing pain, she requested that she be able to see a doctor. The claims office stated that her glasses would be taken care of, but she was not authorized to see a doctor. A couple of weeks later, on June 5, 2001, Ms. Jackson went to Charity Hospital. At that point, she had terrible pains and muscle spasms in her neck. At trial she testified that the muscle spasms were still occurring.
The records of Charity Hospital reflect that on her first visit, claimant related symptoms of headache, neck pain and spasms, and that the headaches were slowly getting worse. X-rays taken were unremarkable. Claimant was diagnosed as having neck sprain/spasm, and cephalgia. Claimant was seen at Charity several times. Physical therapy was prescribed, but was discontinued because she was experiencing pain.
Claimant's visit of November 1, 2001 reflects that she related continued shoulder pain. The doctor's examination showed full range of motion of the shoulder, nonspecific tenderness and some crepitus, and normal right shoulder radiographs. An MRI (Magnetic Resonance Imaging) was recommended.
An MRI of the shoulder was conducted on November 21, 2001. The results revealed tendonitis, a partial tear, and hypertropic changes at the left acromioclavicular joint. After viewing the MRI, claimant's physician diagnosed left shoulder impingement syndrome with partial rotator cuff tear. Surgery was recommended; however, it had not been performed as of the date of trial.
On July 3, 2002, claimant was seen by Dr. Chris Digrado, an orthopedic surgeon. He diagnosed AC joint inflammation, and noted that the MRI report reflected a partial tear of the rotator cuff. He prescribed medications, and recommended shoulder arthroscopy. Dr. Digrado opined that the rotator cuff tear was a preexisting condition that was exacerbated by the accident. Claimant requested that she continue treatment with Dr. Digrado; however, defendant refused to authorize treatment.
On November 11, 2002, at the request of defendant, claimant was examined by Dr. Joe Morgan, an orthopedic surgeon. He found a Type 2 acromion with impingement syndrome, which he stated was a chronic degenerative condition not caused by the injury. Dr. Morgan would release claimant to work with no restrictions.
Claimant testified that she had stopped working at Wal-Mart and has not been able to work anywhere else because of the severe pain in her left shoulder and behind her ear. Prior to the accident, she was healthy and able to perform her job.
In its first allegation of error, Wal-Mart alleges that the workers' compensation judge erred in ruling that claimant proved causal connexity between the accident and her injuries. In its second allegation, Wal-Mart alleges that the court erred in ruling that temporary, total disability benefits are owed from May 3, 2001 through November 11, 2002. In its third allegation of error, Wal-Mart alleges that the court erred in ruling that the claimant was entitled to payment of all medical expenses *818 and transportation expenses. In its fourth assignment of error, Wal-Mart alleges that the workers' compensation court was in error in finding that it was arbitrary and capricious in refusing to pay medical expenses and in refusing to authorize claimant's choice of physician. In its fifth assignment of error, Wal-Mart alleges that the court erred in awarding $2,000.00 in penalties and $3,000.00 in attorney fees.
In her answer, claimant alleges that the workers' compensation judge erred in limiting her temporary, total benefits through November 11, 2002. She alleges that she is entitled to ongoing benefits until she is able to obtain medical treatment and return to work. Claimant also alleges she is entitled to two penalties of $2,000.00 each for defendant's failure to pay compensation and medical benefits, and that she is entitled to additional attorney's fees for the work done on this appeal.
The manifest error standard of review applies to factual findings in a workers' compensation case. In applying the manifest error-clearly wrong standard, we must determine not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. When there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed, even though we may feel that its own evaluations and inferences are as reasonable. Thus, where there are two permissible views of the evidence, a factfinder's choice of them can never be manifestly erroneous or clearly wrong. Thus, if the factfinder's findings are reasonable in light of the record, we may not reverse or modify the judgment. (Citations omitted.)
Hookfin v. Advantage Nursing Services, Inc., 03-340 (La.App. 5 Cir. 10/15/03), 860 So.2d 57, 59.
The manifest error standard of appellate review applies in compensation actions even when the evidence before the trier of fact consists solely of written reports, records, and depositions. Fite v. Louisiana Title Co., 2002-2607 (La.6/27/03), 852 So.2d 983, 985.
The worker bears the burden of proving personal injury by accident by a preponderance of the evidence. La. R.S. 23:1031; McLin v. Industrial Specialty Contractors, Inc., XXXX-XXXX (La.7/2/03), 851 So.2d 1135.
The claimant's testimony may suffice to meet the burden, provided there is no other evidence sufficient to discredit or cast doubt upon the claimant's version of the incident, and his testimony is corroborated by circumstances following the accident. Corroboration of the worker's testimony may be provided by the testimony of fellow workers, spouses or friends; corroboration may also be provided by medical evidence. The claimant does not necessarily have to establish the exact cause of the disability, but he must demonstrate by a preponderance of proof that the accident had a causal connection with the disability. (Citations omitted.)
Sears v. Berg, Inc., 99-457 (La.App. 5 Cir. 9/28/99), 742 So.2d 760, 764.
Wal-Mart, in its first allegation of error, alleges that the trial court erred in finding a causal connexity between the accident of May 3, 2001 and the injuries to her neck, back and shoulders. In its third allegation of error, it argues that the claimant's shoulder, neck and back injury is not related to the accident, and therefore the workers' compensation court erred in awarding payment of all medical *819 bills, expenses, medication expenses and transportation expenses incurred.
Wal-Mart argues that she was not timely in reporting the injury to her shoulder, as the accident reports she prepared after the accident failed to state any such injury. However, "Delay in giving notice of injury shall not be a bar to recovery if it is shown that the employer has not been prejudiced by such a delay." Buxton v. Sunland Const., 34,995 (La.App. 2 Cir. 8/22/01), 793 So.2d 526, 531. In this case, the accident itself was reported in a timely manner. Furthermore, claimant stated that she told a Wal-Mart representative of the shoulder injury. Finally, Wal-Mart has not alleged any prejudice in claimant's failure to indicate that her shoulder was injured on the accident report.
In Louisiana it is well settled that an employee's disability is compensable if a pre-existing condition or disease is activated or precipitated into a disability manifestation as a result of work:
A plaintiff-employee's disability will be presumed to have resulted from an employment accident if before the accident the plaintiff-employee was in good health, but commencing with the accident the symptoms of the disabling condition appear and continuously manifest themselves, provided that the evidence shows that there is a reasonable possibility of causal connection between the accident and the disabling condition. This presumption is not a conclusive one; rather, it compels the defendant to come forward with sufficient contrary evidence to rebut it.
Doucet v. Baker Hughes Production Tools, 93-3087 (La.3/11/94), 635 So.2d 166, 167-8.
In the case before us, claimant testified that she was healthy and able to perform her job duties prior to the accident. Dr. Digrado opined that claimant had a preexisting condition that was made symptomatic by the accident. While Dr. Morgan's report states that claimant's shoulder condition pre-existed prior to the accident, he offers no opinion on whether or not the accident exacerbated this condition.
We find that the workers' compensation court did not err in finding a work related injury, and in awarding the medical bills, expenses, medication expenses and transportation expenses incurred in her treatment.
In its second allegation of error, Wal-Mart alleges that the workers' compensation court erred in its finding of temporary total disability from May 3, 2001 through November 11, 2002. In her answer, claimant alleges that the trial court erred in limiting temporary, total benefits.
A claimant seeking temporary or permanent disability benefits must offer clear and convincing evidence that he is unable to engage in any type of employment. La. R.S. 23:1221(1). In order to meet this clear and convincing standard, the claimant must introduce objective medical evidence. The trial court must weigh all the evidence, medical and lay, in order to determine if the plaintiff has met his burden. Ratliff v. Brice Bldg. Co., 03-624 (La.App. 5 Cir. 11/12/03), 861 So.2d 613. Whether a claimant is entitled to temporary total disability benefits is a question of fact that may not be disturbed on appeal absent manifest error. The trial judge's determinations may not be reversed if they are reasonable in view of the record in its entirety. Sears v. Berg, Inc., supra at 766.
In this case, the workers' compensation judge awarded wage benefits, which she characterized as temporary, total disability benefits, from the date of the accident through November 11, 2002. Our review *820 of the record finds no manifest error in the judge's determination that claimant was entitled to wage benefits. Claimant testified that she was injured as a result of the work related accident, and that she was unable to return to employment because of her substantial pain. The medical records of Charity Hospital, as well as the report of Dr. Digrado, support claimant's testimony
In her answer, claimant alleges that the workers' compensation judge erred in terminating temporary, total disability benefits as of November 11, 2002. She suggests that she is entitled to benefits until she is able to obtain treatment and her condition has resolved itself. La. R.S. 23:1221(1)(d) provides that:
An award of benefits based on temporary total disability shall cease when the physical condition of the employee has resolved itself to the point that a reasonably reliable determination of the extent of disability of the employee may be made and the employee's physical condition has improved to the point that continued, regular treatment by a physician is not required.
In his report, Dr. Digrado stated that he recommended arthroscopy, and that thereafter, the claimant should "be able to return to full activity level with no permanent partial disability ... assuming that the findings at arthroscopy match the MRI findings." As is evident by Dr. Digrado's report, and considering that claimant had not had surgery at the time of the hearing in this matter, claimant's physical condition had not yet resolved itself to the point that a reasonable determination of the extent of her disability could be made, nor had she improved to the point that continued, regular treatment by a physician was no longer required. We find that the trial court erred in concluding that claimant was not entitled to temporary total disability after November 11, 2002.
In its fourth allegation of error, Wal-Mart alleges that the workers' compensation judge erred in finding that it was arbitrary and capricious in its failure to pay medical expenses. In its fifth allegation of error, it alleges that it should not be required to pay $2,000.00 in penalties and $3,000.00 in attorney fees. In her answer, claimant alleges that she is entitled to two penalties of $2,000.00 each, one for Wal-Mart's denial of her medical benefits and one for its failure to pay any earning benefits.
Penalties and attorney fees are recoverable under LSA-R.S. 23:1201(F) if the employer or insurer fails to commence payments of benefits timely or to pay continued installments or medical benefits timely, unless the claim is reasonably controverted. The statutes providing for imposition of penalties and attorney fees are to discourage indifference and undesirable conduct by employers and insurers, and are essentially penal in nature. Although the Workers' Compensation Act is to be liberally construed in regard to benefits, penal statutes are to be strictly construed. Cooper v. St. Tammany Parish School Bd., 2002-2433 (La.App. 1 Cir. 11/7/03), 862 So.2d 1001. Whether the workers' compensation judge finds that an employer reasonably controverts a claim for benefits is a question of fact. Sterling v. Asplundh Tree Expert Co., 2003-266 (La.App. 3 Cir. 10/1/03), 856 So.2d 125. The crucial inquiry is whether the employer had an articulable and objective reason to deny benefits at the time it took action. McLin v. Industrial Specialty Contractors, Inc., XXXX-XXXX (La.7/2/03), 851 So.2d 1135. The decision to award penalties and attorney fees is a factual one, and will not be reversed on appeal absent a finding of manifest error. Stelly v. Health South Rehabilitation, 2003-171 (La.App. 3 Cir. 7/2/2003), 854 So.2d 960.
*821 Wal-Mart alleges that the workers' compensation judge erred in its finding that it was arbitrary and capricious in its refusal to pay medical fees, and to authorize claimant's physician of choice.
A failure to authorize treatment can result in the imposition of penalties and attorney fees except when the claim is reasonably controverted. Depending on the circumstances, a failure to authorize treatment is effectively a failure to furnish treatment. Authement v. Shappert Engineering, XXXX-XXXX (La.2/25/03), 840 So.2d 1181, 1187. In order to reasonably controvert a claim, the defendant must have some valid reason or evidence upon which to base his denial of benefits. Brown v. Texas-LA Cartage, 98-1063 (La.12/1/98), 721 So.2d 885, 890. In this case, Wal-Mart denied claimant's request for treatment and for authorization of a physician of her choice without investigation of the underlying claim. We cannot say that the workers' compensation judge was manifestly erroneous in granting penalties and attorney fees in this case.
In her answer, claimant alleges that the workers' compensation judge erred in failing to award a second penalty of $2,000.00 for defendant's failure to pay wage benefits. Pursuant to La. R.S. 23:1201(F), an employee is entitled to an award of both penalties and attorney's fees if the employer fails to commence payments of benefits timely or to pay continued installments timely, unless the claim is reasonably controverted. Begue v. Crossover, Inc., XXXX-XXXX (La.App. 1 Cir. 11/21/03), 868 So.2d 100. In this case, the employer refused to pay wage benefits prior to any investigation of the employee's claim. Accordingly, we find that the workers' compensation judge was manifestly erroneous in failing to assess a second penalty for failure to pay wage benefits.
Finally, claimant in her answer requests that she be awarded attorney fees for the defense of this appeal. When the defendant in a workers' compensation case appeals and obtains no relief, and when the appeal has necessitated additional work on the part of plaintiff's counsel, the appellate court usually awards an increase in attorney fees, provided that the plaintiff has requested the increase in accordance with proper appellate procedure. Parker v. ADM Milling Co., 01-649 (La. App. 5 Cir. 11/27/01), 804 So.2d 120. We find that an additional award of attorney fees in the amount of $1,500.00 is warranted in the present case.
For the above discussed reasons, the judgment of the workers' compensation court is amended to award temporary, total disability benefits until she is able to obtain medical treatment and return to work. The judgment is further amended to award an additional penalty award, for a final award of $4,000.00 in penalties, and to award additional attorney fees for this appeal. In all other respects, the decision of the workers' compensation court is affirmed.
AMENDED AND AFFIRMED.