STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

04-148

MATTHEW BRAXTON

VERSUS

RYAN'S FAMILY STEAKHOUSE

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - DISTRICT 2
PARISH OF RAPIDES, NO. 02-02668
JAMES L. BRADDOCK, WORKERS' COMPENSATION JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of John D. Saunders, Oswald A. Decuir, and Glenn B. Gremillion, Judges.

AFFIRMED AS AMENDED.

Matthew J. Ungarino
David I. Bordelon
Ungarino & Eckert, L.L.C.
3850 North Causeway Boulevard
Suite 1280
Metairie, LA 70002
(504) 836-7531
Counsel for Defendant/Appellant:
    Ryan's Family Steakhouse

Payne Williams
Williams Family Law Firm
Post Office Box 15
Natchitoches, LA 71458-0015
(318) 352-6695
Counsel for Plaintiff/Appellee:
    Matthew Braxton

**DECUIR, Judge.**

Defendant, Ryan's Family Steakhouse, appeals a judgment of the workers' compensation judge finding it liable for benefits, penalties, and attorney fees arising from a job-related accident suffered by the claimant, Matthew Braxton.

## FACTS

On February 26, 2002, Braxton alleges that he injured his back while lifting containers of potatoes and onions in the course and scope of his employment as a grill cook at Ryan's. He claims to have verbally notified his supervisor and at least one witness saw him speaking to the general manager, David Pinkston. None of the managers recall being notified and an accident report was not filed. The workers' compensation judge found that Braxton suffered a job-related injury and awarded medical and compensation benefits as well as penalties and attorney fees. Ryan's lodged this appeal.

## JOB-RELATED ACCIDENT

Ryan's first contends that the workers' compensation judge erred in finding that Braxton proved he suffered a job-related injury. We disagree.

Appellate review in workers' compensation cases is governed by the manifest error or clearly wrong standard. *Freeman v. Poulan/Weed Eater*, 93-1530 (La. 1/14/94), 630 So.2d 733. The appellate court must determine not whether the trier of fact was right or wrong, but whether the fact finder's conclusion was a reasonable one in light of the entire record. *Rosell v. ESCO*, 549 So.2d 840 (La.1989).

Where there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review even though the appellate court may feel that its own evaluations and inferences are more reasonable. *Stobart v. State, through DOTD*, 617 So.2d 880 (La.1993). Deference is due to the factfinder's determinations regarding the credibility of witnesses "for only the

1

factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said." *Rosell,* 549 So.2d at 844.

The worker's burden of proof in establishing the occurrence of a job-related accident is preponderance of the evidence. *Bruno v. Harbert Int'l, Inc.*, 593 So.2d 357 (La.1992). When an accident is unwitnessed, the worker's testimony alone may be sufficient to establish the accident occurred if, (1) no other evidence discredits or casts serious doubt upon the worker's version of the incident, and (2) the worker's testimony is corroborated by circumstances following the alleged accident.

In the present case, the accident was unwitnessed. However, at least one co-worker confirmed that Braxton told them of the alleged injury on the day it occurred and that she saw him tell the general manager. All of the Ryan's managers that testified denied that Braxton reported the accident to them. They also disputed elements of Braxton's story regarding the weight and number of potatoes. These assertions were rebutted by Braxton's personnel file, which contained excuses for missing work and a test which contained answers tending to corroborate Braxton's story. It is evident from our review of the record that the workers' compensation judge found Braxton's testimony more credible than that of Ryan's managers.

Accordingly, we find no error in the workers' compensation judge's determination that Braxton proved a job-related accident by a preponderance of the evidence. This assignment has no merit.

## PENALTIES AND ATTORNEY FEES

Ryan's next contends that the trial court erred in awarding penalties and attorney fees. We disagree.

The determination of whether an employer should be cast with penalties and attorney fees is essentially a question of fact, and the trial court's finding must not be

2

disturbed on appeal absent manifest error. *Wiltz v. Baudin's Sausage Kitchen,* 99-930 (La.App. 3 Cir. 6/19/00), 763 So.2d 111, *writ denied*, 00-2172 (La. 10/13/00), 771 So.2d 650. "To avoid penalties and attorneys fees for the nonpayment of benefits, the employer or insurer is under a continuing duty to investigate, to assemble, and to assess factual information before denying benefits." *George v. Guillory*, 00-591, p. 13 (La.App. 3 Cir. 11/2/00), 776 So.2d 1200, 1209.

The workers' compensation judge found that Ryan's never conducted sufficient investigation into Braxton's claims and essentially decided to deny the claim from the outset. Under these circumstances, we find no manifest error in the award of penalties and attorney fees. This assignment has no merit.

Braxton answered this appeal requesting additional attorney fees for defense of this appeal. Finding such fees to be warranted, we award $1,000.00 in attorney fees for defense of this appeal.

**DECREE**

For the foregoing reasons, the judgment of the workers' compensation judge is affirmed. Appellant is taxed with all costs of these proceedings and ordered to pay an additional $1,000.00 in attorney fees to claimant's counsel for defense of this appeal.

**AFFIRMED AS AMENDED.**

3