893 So.2d 127 (2005)
George HALLARON
v.
JACOB'S ENGINEERING GROUP, INC.
No. 04-CA-876.
Court of Appeal of Louisiana, Fifth Circuit.
January 25, 2005.
Rehearing Denied March 1, 2005.
*129 Michael J. Bourquard, New Orleans, LA, for Plaintiff/Appellee.
Kirk L. Landry, Edward F. Stauss, III, Baton Rouge, LA, for Defendant/Appellant.
*130 Panel composed of Judges SOL GOTHARD, MARION F. EDWARDS and CLARENCE E. McMANUS.
CLARENCE E. MCMANUS, Judge.

STATEMENT OF THE CASE
Claimant, George Hallaron ("Hallaron"), injured his back while working in the U.S. Virgin Islands on March 15, 2001. He filed a claim for workers' compensation benefits against Jacobs Engineering Group, Inc. (JEG). JEG denied being Hallaron's employer. Hallaron then amended his claim and added Jacobs Pan American Corporation (JPA) and Jacobs Industrial Maintenance Company (JIM) as his employers. JPA and JIM filed an answer and a declaratory exception on August 9, 2001. They also filed a motion for summary judgment on December 1, 2001. Thereafter, both JPA and JIM filed dilatory and peremptory exceptions on February 13, 2002. JPA and JIM were then dismissed because of lack of personal and subject matter jurisdiction. This Court affirmed the workers' compensation court's judgment. Hallaron then pursued his claim against JEG.
A trial was held on March 3, 2004 and a judgment was rendered on March 17, 2004. The workers' compensation court found that Hallaron was injured during the course and scope of his employment with JEG and JPA on March 15, 2001. The court also found that Hallaron was entitled to temporary total disability benefits from March 15, 2001, through the date of the judgment, and continuing. He was also entitled to payment of all medical expenses, medication expenses, and transportation expenses. Further, the workers' compensation court found that JEG was arbitrary and capricious in their failure to pay benefits, and the court imposed a $2,000.00 penalty for nonpayment of indemnity benefits, a $2,000.00 penalty for nonpayment of medical benefits, and $7,000.00 in attorneys' fees. The workers' compensation court provided written reasons and findings of fact.
JEG now appeals arguing that the judgment does not identify the party cast in judgment and JEG is not Hallaron's employer. JEG contends that the Reasons for Judgment reference JPA as the party cast in judgment, however, JPA was previously dismissed from this matter. Further, JEG argues that documents introduced into evidence, such as the employment contract, pay stubs, and W-2 forms, show that JPA is Hallaron's employer. For the reasons which follow, we affirm the workers' compensation court judgment. We also clarify the judgment to indicate that JEG is the party cast in judgment.

DISCUSSION
Decisions of the workers' compensation court are subject to the manifest error, or clearly wrong, standard of review on appeal. In applying this standard, we must determine not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. When there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed, even though we may feel that its own evaluations and inferences are reasonable. Thus, where there are two permissible views of the evidence, a factfinder's choice of them can never be manifestly erroneous or clearly wrong. Thus, if the factfinder's findings are reasonable in light of the record, we may not reverse or modify the judgment. Jackson v. Wal-Mart Stores, Inc., 03-1054 (La.App. 5 Cir. 2/10/04), 868 So.2d 813, citing Hookfin v. Advantage Nursing Services, Inc., 03-340 (La.App. 5 Cir. 10/15/03), 860 So.2d 57. The worker's burden of proof in establishing *131 the occurrence of a job-related accident is preponderance of the evidence. Braxton v. Ryan's Family Steakhouse, 04-148, (La.App. 3 Cir. 6/24/04), 878 So.2d 731, citing Bruno v. Harbert Int'l, Inc., 593 So.2d 357 (La.1992).
In this case, the workers' compensation court found that Hallaron did suffer an injury on March 15, 2001 during the course and scope of his employment in the Virgin Islands. The court further found that he was employed by Jacobs Engineering Group, Inc. and Jacobs Pan-American Corp. at the time of the accident. On appeal, JEG argues that the judgment does not identify the party cast in judgment since the Reasons for Judgment references JPA, who was dismissed from the case. JEG also argues that it was not Hallaron's employer because the employment contract, pay stubs and W-2 forms stated that his employer was JPA.
A review of the record, including evidence submitted at trial, reveals that "JE", or "Jacobs Engineering", is the logo used by JEG, JPA, and JIM on their letterhead and other company items.
The "JE" logo and the name "Jacobs Engineering" was on the letterhead used for the employment offer letter sent to Hallaron, his assignment letter, a Voluntary Consent Form for Urine Drug Screen and Breath Alcohol Test, a memo to employees regarding back injuries, and his pay stubs. The employment offer letter and the assignment letter listed JPA as the return address and referred to JPA in the body. The employment letter stated that temporary employment was being offered by JPA. The assignment letter referred to JPA and stated that JPA was to provide a vehicle to Hallaron. The pay stubs also listed JPA as Hallaron's employer, but also provided a section for a JE stock fund. Hallaron's W-2 forms listed JPA as his employer. However, the Voluntary Consent Form for the drug tests provides a return address for JIM and refers to JIM in the body of the form. The memo regarding back injuries also provides a return address for JIM and explains a call-in policy for JIM employees. That same memo refers to "JE" employees. In addition, the Surgeon's Report Form, which is the workers' compensation form used in the Virgin Islands, lists "JE Hovena" as Hallaron's employer. The report was filled out by Dr. Frank Bishop.
Hallaron testified and showed the court his hard hat that he wore while working in the Virgin Islands. The hat had the "JE" logo on the front, along with his name. He also testified that he had to contact the Baton Rouge office of Jacobs Engineering Group, Inc. in order to obtain his final paycheck. Further, he testified that he thought he was employed by JEG.
Based on the above, we find that the companies of JEG, JPA and JIM are used interchangeably and an employee of one of these companies could reasonably infer that he works for any of these companies. We find that the workers' compensation court was not manifestly erroneous in its decision that JEG and JPA were both employers of Hallaron. JEG seeks a clarification of the judgment as to which party was cast in judgment, since both were listed as employers. JPA was dismissed pursuant to an exception of lack of personal and subject matter jurisdiction. Therefore, since the workers' compensation court found that JEG was an employer of Hallaron, and it is the only defendant remaining in the case, we find JEG is the party cast in judgment.
We also find that the workers' compensation court was not manifestly erroneous in finding that Hallaron suffered an injury during the course and scope of his *132 employment on March 15, 2001. JEG has not provided any evidence or testimony to refute Hallaron's claim of an injury. JEG simply relied on its argument that it was not the proper employer to pay benefits. Hallaron presented doctor reports from the time he was treated in the Virgin Islands until November of 2002. Those reports all show that Hallaron did suffer a back injury that left him unable to work. Therefore, the workers' compensation court correctly found that Hallaron was entitled to temporary total benefits from the date of his injury to the present date, and continuing, and payment of medical expenses, medication expenses, and transportation expenses, as a result of the accident.
Finally, we find no manifest error in the workers' compensation court's finding that JEG owed penalties of $2,000.00 for failure to pay indemnity benefits and $2,000.00 for failure to pay medical benefits. We also find no manifest error in the court's finding that JEG owed attorney's fees in the amount of $7,000.00.
Penalties and attorney fees are recoverable under LA R.S. 23:1201(F) if the employer or insurer fails to commence payments of benefits timely or to pay continued installments or medical benefits timely, unless the claim is reasonably controverted. The statutes providing for imposition of penalties and attorney fees are to discourage indifference and undesirable conduct by employers and insurers, and are essentially penal in nature. Although the Workers' Compensation Act is to be liberally construed in regard to benefits, penal statutes are to be strictly construed. Jackson v. Wal-Mart Stores, Inc., 03-1054, (La.App. 5 Cir. 2/10/04), 868 So.2d 813, citing Cooper v. St. Tammany Parish School Bd., 02-2433 (La.App. 1 Cir. 11/7/03), 862 So.2d 1001. The issue of whether or not an employer reasonably controverts a claim for benefits is a question of fact. Jackson, supra, citing Sterling v. Aspludh Tree Expert Co., 03-266 (La.App. 3 Cir. 10/1/03), 856 So.2d 125. The decision regarding penalties and attorneys fees will not be reversed on appeal absent a finding of manifest error. Jackson, supra, citing Stelly v. Health South Rehabilitation, 03-171 (La.App. 3 Cir. 7/2/03), 854 So.2d 960. In order to reasonably controvert a claim, the defendant must have some valid reason or evidence upon which to base his denial of benefits. Jackson, supra., citing Brown v. Texas-LA Cartage, 98-1063 (La.12/1/98), 721 So.2d 885, 890.
In this matter, JEG paid no indemnity or medical benefits to Hallaron. Hallaron testified that even after he told his supervisor of the accident and was placed on light duty by the medical staff on site, his supervisors continued to push him into doing his regular work because there was no one else qualified. Thereafter, he even asked JEG to recommend a doctor. JEG paid no benefits and only argued that it was not the employer. JPA and JIM were also listed as defendants on Hallaron's claim form. Neither of these defendants paid any benefits. They only denied the claim based on a lack of jurisdiction.
We find that JEG did not provide a valid reason upon which to base its denial of benefits and, therefore, it did not reasonably controvert the claim. Thus, we find that the workers' compensation court was not manifestly erroneous in finding that JEG was arbitrary and capricious and awarding Hallaron $2,000.00 for failure to pay indemnity benefits and $2,000.00 for failure to pay medical benefits. The court was also not manifestly erroneous in awarding attorney fees of $7,000.00.
On appeal, Hallaron has requested additional attorney fees of at least *133 $3,000.00 for the defense of the appeal. An appellate court usually awards an increase in attorney fees, as long as the plaintiff has requested the increase in accordance with proper appellate procedure. Jackson, supra, citing Parker v. ADM Milling Co., 01-649 (La.App. 5 Cir. 11/27/01), 804 So.2d 120. In this case, Hallaron did not file an answer to the appeal seeking the increase in the attorney fees award. Hallaron does argue the issue in his brief. However, we find that the request is untimely, and not within 15 days of the return date. Therefore, Hallaron is not entitled to an increase in attorney fees for the defense of this appeal.
In accordance with the above, we affirm the workers' compensation court's judgment.
AFFIRMED.