STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

JERRY ANDERSON

VERSUS

BEST WESTERN SUITES HOTELS

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - DISTRICT 3
PARISH OF CALCASIEU, NO. 06-07529
SAM L. LOWERY, WORKERS' COMPENSATION JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Oswald A. Decuir, Michael G. Sullivan, and Billy Howard Ezell, Judges.

**AFFIRMED.**

**James E. Burks**
**Attorney at Law**
**P. O. Box 16067**
**Lake Charles, LA 70601-6067**
**(337) 474-6106**
**Counsel for Plaintiff/Appellee:**
**    Jerry Anderson**

**Mark Ackal**
**Mark Ackal & Associates**
**P. O. Box 52045**
**Lafayette, LA 70505-2045**
**(337) 237-5500**
**Counsel for Defendant/Appellant:**
**    Best Western Suites Hotels**

**DECUIR, Judge.**

Jerry Anderson filed this workers' compensation claim against his employer, S & R Hotels L.L.C. d/b/a Best Western Suites Hotels, after he was hit by the door of a freight elevator and injured his back. After trial on the merits, the workers' compensation judge rendered judgment in favor of Anderson, awarding indemnity payments, penalties, and attorney fees, and further ordering that Anderson be allowed to see his choice of physician. The employer appeals and, for the following reasons, we affirm.

The factual and procedural background of this case is best explained in the words of the workers' compensation judge:

> Mr. Anderson appears in court today with a paucity of medical support for his claim. The insurance company's reasons for denying treatment are pretty much left to be inferred by the court because the adjuster who made these decisions is not here to explain them. The witnesses to the accident are not here. So after listening intently for about three hours of testimony, I have concluded this is what happened: There's not much to dispute that Mr. Anderson was involved in an accident at the elevator at work. The defendant really doesn't deny that flatly. There's no doubt that he was in the course and scope of his duties at the time of whatever happened at work happened. The issue here is did the insurance company have reasonable grounds to deny medical treatment by his choice of physician? Mr. Anderson has an imperfect past. He has a litigious enough background to lift any reasonable gentleman's eyebrow. But flatly denying medical treatment requires a lot more than that, a whole lot more. When an employee gets jammed between an elevator gate and the door when the elevator is improperly moved by a fellow employee, the fact that the injured worker who is struck in this situation has a history of back problem is of little moment. He was not, I grant you, a picture of spinal health when all this occurred. He probably has never been the employee of the month in any of the few jobs that he seems to have held. However, he now says that the symptoms he now suffers are different and worse than his previous back problems. That is his testimony. [Defense counsel] is right: It stands without much medical confirmation, but he cannot afford to see a doctor and the insurance company won't send him to see his choice of physician. It's clear to me that his choice of physician is decidedly not the industry clinic he was sent to for some reason, [or] the orthopedic surgeons, these folks referred him to. No one has offered any credible testimony, in fact no testimony at all, that he was not injured as he described in his testimony. He seems to have been working albeit

infrequently, slowly, and in pain, apparently before the accident; no one would much dispute that. I can't see where the insurance company did anything more than leap to a very convenient conclusion based on this man's history. And, as I say, his history could raise concern. But concern should prompt a thorough investigation, not a termination of benefits. It appears to me here that most of the investigation, and it was well done, was conducted by [defense counsel] after the fact, and although I admire his efforts here, that's not the way it's supposed to work. The insurance investigator is supposed to do a little more than they did in this case. The Court finds that Mr. Anderson was injured in the course and scope of his employment and that the insurance company will reinstate his indemnity payments retroactive to the termination date until further order of the court. He will be afforded the opportunity to see a physician of his choice for evaluation. A $2,000 penalty is assessed for improper termination of benefits and a $2,000 penalty is assessed for refusal to provide a choice of physician. Attorney's fees are set at $8,000.

The record shows that the employer provided immediate medical attention to Anderson, which continued for nearly a year, and paid weekly indemnity benefits to him for approximately six months. When benefits were terminated, the employer neglected to respond to Anderson's requests for further information and for approval to see the physician of his choice, and this disputed claim was initiated.

On appeal, the employer contests the factual findings that Anderson was injured in a work-related accident and that he is entitled to indemnity benefits, penalties, and attorney fees. Our review of the record, however, reveals no error in the conclusions reached by the workers' compensation judge.

The standard of review in workers' compensation cases is the manifest error or clearly wrong standard. *Braxton v. Ryan's Family Steakhouse*, 04-148 (La.App. 3 Cir. 6/2/04), 878 So.2d 731. The appellate court must determine not whether the fact finder was right or wrong, but whether the factual conclusions were reasonable in light of the entire record. *Rosell v. ESCO*, 549 So.2d 840 (La.1989).

> Where there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed

2

upon review even though the appellate court may feel that its own evaluations and inferences are more reasonable. Deference is due to the factfinder's determinations regarding the credibility of witnesses, "for only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said." *Rosell,* 549 So.2d at 844.

*Veazie v. Gilchrist Constr. Co.*, 04-118, p. 3 (La.App. 3 Cir. 6/2/04), 878 So.2d 742, 744-45, *writ denied*, 04-1692 (La. 10/8/04), 883 So.2d 1018 (citation omitted).

The claimant's burden of proof in establishing the occurrence of a job-related accident is preponderance of the evidence. *Bruno v. Harbert Int'l, Inc.*, 593 So.2d 357 (La.1992). Considering the evidence in the record before us, the immediate medical attention provided by the employer, and the undisputed continuing medical complaints of the claimant, we find no error in the decision to allow Anderson to see his choice of physician. Likewise, we find no manifest error in the award of benefits, penalties, and attorney fees. We decline to award additional attorney fees for work done on appeal, as Anderson neither appealed nor answered the appeal asking for same.

The judgment appealed from is affirmed. Costs are assessed to the appellant.

**AFFIRMED.**