STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-58

JANET LEBLANC

VERSUS

EXCEL AUTO PARTS

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 4
PARISH OF LAFAYETTE, NO. 09-06191
SHARON MORROW, WORKERS' COMPENSATION JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of John D. Saunders, Oswald A. Decuir, and Marc T. Amy, Judges.

AFFIRMED.

G. Frederick Seemann
Attorney at Law
401 Audubon, Suite 103A
Lafayette, LA 70503
(337) 234-3766
Counsel for Plaintiff Appellee:
Janet LeBlanc

William Allen Repaske
Landry & Watkins
P. O. Drawer 12040
New Iberia, La 70562-2040
(337) 364-7626
Counsel for Defendant Appellant:
Excel Auto Parts

**SAUNDERS, Judge.**

In this case, the workers compensation insurer CNA Insurance stipulated that it had failed to adhere to the mandatory notice provisions of La. R.S. 23:1201 when, unbeknownst to the Claimant, it converted her longtime disability benefits from Temporary Total Disability (TTD) benefits to Supplemental Earnings Benefits (SEB). Thereafter, it suspended the SEB. The insurer assigns as error the workers compensation judge's award of attorney fees and court costs. For the following reasons, we affirm.

FACTS

The following facts were stipulated on September 14, 2010, before the workers compensation judge. Claimant, Janet LeBlanc, had been receiving TTD benefits from June 1999 until September 30, 2009, when the workers compensation insurer, without notice, converted her benefits to SEB then terminated them. Until that time, her benefits had never been identified as SEB and for the entire period her benefits were paid on the weekly schedule used for TTD benefits. According to defendant's brief, "There was no medical examination by the insurer within a reasonable time of the stopping of the payments that caused the payments to be stopped." As a result of the insurer's actions, Ms. LeBlanc did not receive benefits for the thirty-nine (39) months running from October 2009 through June 2010, even after the insurer stipulated on the record that they would be paid, but Ms. LeBlanc's weekly TTD benefits were restored for the period of July 1, 2010 through August 25, 2010.

*Notification Requirement*

When the wording of a statute is clear and free of ambiguity, the letter of it shall not be disregarded under the pretext of pursuing its spirit. La.R.S. 1:4.

The notification requirements imposed upon an insurer who seeks to suspend a claimant's benefits are clear, "[u]pon . . . *modification or suspension of payment* for *any* cause, the employer or insurer *shall* immediately send a notice to the office, in the manner prescribed by the rules of the director, that payment of compensation has begun or has been *suspended*, as the case may be. La.R.S. 23:1201(H)(emphasis added).

The word "shall" is mandatory. La. R.S. 1:3. Given La.R.S. 23:1201's clear and unambiguous expression of legislative intent, like the workers compensation judge, we conclude that the insurer, at a minimum, was remiss in its failure to issue a notice of the purported conversion of Ms. Leblanc's TTD benefits to SEB.

*Attorney Fees*

Defendant nevertheless questions whether Insurer's failure to issue this required notification should have given rise to the attorney fees awarded by the workers compensation judge on this basis. Defendant maintains that because its action constituted a *discontinuance* of benefits rather than a *nonpayment* of benefits, the workers compensation judge erred in assessing it with penalties and attorney fees.

The authority it cites, La.R.S. 23:1201 (I)(emphasis added), provides:

> Any employer or insurer who at any time *discontinues* payment of claims due and arising under this Chapter, when such discontinuance is found to be *arbitrary, capricious, or without probable cause*, shall be subject to the payment of a penalty not to exceed eight thousand dollars and a reasonable attorney fee for the prosecution and collection of such claims.

This court, in *Rivers v. Bo Ezernack Hauling Contractor, Inc.*, 09-991, p. 5 (La.App. 3 Cir. 3/10/10), 32 So.3d 1091, 1095-96, *writ denied*, 10-807 (La. 6/4/10), 38 So.2d 309, stated the following:

2

"The determination of whether an employer should be cast with penalties and attorney fees is a question of fact which should not be reversed absent manifest error." *Sigler v. Rand*, 04-1138, pp. 10-11 (La.App. 3 Cir. 12/29/04), 896 So.2d 189, 196, *writ denied*, 05-278 (La. 4/1/05), 897 So.2d 611 (citing *Romero v. Northrop-Grumman*, 01-24 (La.App. 3 Cir. 5/30/01), 787 So.2d 1149, *writ denied*, 01-1937 (La. 10-26/01), 799 So.2d 1144. Arbitrary and capricious behavior has been defined as " 'willful and unreasonable action, without consideration and regard for the facts and circumstances presented." *Reed v. State Farm Mut. Auto. Ins. Co.*, 03-107 (La. 10/21/03), 857 So.2d 1012, 1021, fn. 8 (citing *J.E. Merit Constructors, Inc. v. Hickman*, 00-943 (La. 1/17/01), 776 So.2d 435).

In the end, we conclude that the facts of this case warrant the imposition of penalties and attorney fees. While the workers compensation judge concluded that the absence of notice alone warranted the imposition of penalties and fees, the workers compensation judge also stated in her reasons for ruling "that the discontinuance was arbitrary, capricious and without probable cause."

An insurer is required to make a reasonable effort to ascertain an employee's exact medical condition before benefits are terminated. If, subsequent to an initial optimistic report, an insurer receives medical information indicating continuing disability, the insurer may not blindly rely upon the earlier report to avoid penalties for arbitrary nonpayment or discontinuance of benefits without probable cause. *Johnson v. Ins. Co. of N. America*, 454 So.2d 1113 (La. 1984); *Clark v. Town of Basile*, 01-1203 (La.App. 3 Cir. 3/27/02), 812 So.2d 879, *writ denied*, 02-1204 (La. 6/21/02), 819 So.2d 332.

In this case, with the exception of records from 2006 that the workers compensation judge found less than compelling, there was no such medical opinion to trigger the Insurer's action. In fact, as noted in treating physician Dr. Daniel Hodges' deposition taken for trial purposes May 18, 2010, in light of Ms. LeBlanc's

3

two neck surgeries and ongoing carpal tunnel syndrome, she still required Lortab for pain, Xanax for anxiety, and Ambien prescription for sleep. While recommending vocational "retraining" (not provided by the insurer) in case she would *one day* return to work, Ms. LeBlanc's long-time treating physician Dr. Hodges, believed there was a "less than five percent probability" that an individual like Ms. LeBlanc who had been disabled for so long would ever be able to return to the workforce and that, even if she could, she would never be able to work the sort of predictable schedule an employer would have to insist upon. As the workers compensation judge noted, it is not a given that an individual who might one day be able to return to work with good days and bad days is no longer temporarily totally disabled.

The Insurer cites *Iberia Med. Ctr. v. Ward*, 09-2705 (La. 11/30/10), 53 So.3d 421, in support of its defense against penalties and attorney fees, but in *Iberia Med. Ctr.*, defendant did not discontinue Claimant's benefits until *after* the treating physician supplemented his findings in the wake of surveillance videotape demonstrating that Claimant was no longer disabled and did not rely upon stale medical records to do so. Because in *Iberia Med. Ctr.* the insurer had reasonable grounds to discontinue benefits, the Louisiana Supreme Court reversed the workers compensation judge's award of penalties and attorney fees that had been affirmed by this Court.

*Quantum*

Finally, Defendant contests the $4,500 awarded for Claimant's attorney fees. We do find this award to be neither unreasonable and do not find it to be clearly wrong. The determination of whether an employer or insurer should be cast with penalties and attorney fees in a workers compensation action is essentially a question

of fact subject to the manifest error or clearly wrong standard of appellate review. *Authement v. Shappert Engineering*, 02-1631 (La. 2/25/03), 840 So.2d 1181; *LeJeune v. Bell Tower Corp.*, 09-1222 (La. App. 3 Cir. 4/7/10), 34 So.3d 464.

However, while we affirm the attorney fees, we are unable to increase the award to reflect the additional time incurred defending against the insurer's unsuccessful appeal since Claimant neither appealed the workers compensation judge's award nor answered defendant's appeal. *Anderson v. Best Western Suites Hotels*, 09-78 (La. App. 3 Cir. 6/3/09), 11 So.3d 692. Cf. *Frith v. Riverwood, Inc.*, 04-1086 (La. 1/19/05), 892 So.2d 7, citing *Hickman v. Allstate Timber Co.*, 94-1275 (La.App 3 Cir. 4/5/95), 653 So.2d 154, *writ denied*, 95-1133 (La. 6/23/95), 656 So.2d 1017.

In light of the foregoing, the judgment appealed from is affirmed, with costs assessed to appellant.

**AFFIRMED.**

5