# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 11-827


**FANNIE CHAVIS**

**VERSUS**

**DILLARD'S, INC.**


**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 3
PARISH OF CALCASIEU, NO. 10-01398
SAM L. LOWERY, WORKERS COMPENSATION JUDGE

**\*\*\*\*\*\*\*\*\*\***

## JOHN D. SAUNDERS
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, John D. Saunders, and Shannon J. Gremillion, Judges.


**AFFIRMED**


**Thomas E. Townsley**
**Attorney at Law**
**711 Pujo Street**
**Lake Charles, LA 70601**
**(337) 430-0994**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Fannie Chavis**

**Lindsay Flexer Louatre**
**Brown Sims, P.C.**
**650 Poydras, Ste 2200**
**New Orleans, LA 70130**
**(504) 638-8472**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Dillard's, Inc.**

**SAUNDERS, Judge.**

This is a workers' compensation case wherein an employee was denied a request by an employer to be classified as permanently and totally disabled. The workers' compensation judge (WCJ) awarded the employee attorney's fees, but denied her penalties. Both parties raised issues for review. We affirm and award the employee attorney's fees for work done on appeal.

## FACTS AND PROCEDURAL HISTORY:

In April 2004, Fannie Chavis (Chavis) was employed by Dillard's, Inc. as a housekeeper. At that time, Chavis was a sexagenarian who had previously had a stroke and blood pressure problems, but worked without restrictions. During the course and scope of her employment, she was injured when several boxes of merchandise fell on her. Dillard's Inc.'s workers' compensation insurance company was Ace American Insurance Company (hereinafter Dillard's, Inc. and Ace American Insurance Company are collectively referred to as "Dillard's).

Chavis was treated immediately after the accident at Christus St. Patrick Hospital and then with her primary care physician, Dr. Susan Jones. Thereafter, Dr. Jones referred Chavis to Dr. Clark Gunderson, an orthopedic surgeon, who diagnosed her with two herniated discs at C4-5 and C5-6. On November 18, 2004, Chavis underwent a two-level fusion.

In July 2005, Dr. Gunderson released Chavis to light duty work with restrictions. Thereafter, due to continued pain and symptoms, Dr. Gunderson ordered another MRI. It showed that Chavis had an additional herniated disc at C3-4. Surgery was again recommended, but Chavis did not undergo the surgery due to blood pressure problems.

Chavis was then sent to Dr. Gregory Gidman, another orthopedic surgeon, as the choice of physician by Dillard's. Dr. Gidman felt that Chavis had reached maximum medical improvement and was able to perform sedentary work.

Dr. Gunderson gave his final opinion regarding Chavis' ability to work on June 4, 2007. He found that she was able to perform sedentary work as a result of her cervical injuries. Dr. Gunderson subsequently released Chavis from his care, and she returned to Dr. Jones.

On September 18, 2009, Dr. Jones wrote a letter opining that Chavis was totally and permanently disabled. She based her opinion on Chavis' complete circumstances of the work accident exacerbating her stroke residuals, shaking and weakness of the left hand and balance problems. Further, Chavis tested at a third grade level for reading, second grade level for spelling, and second grade level for math. Dr. Jones equated Chavis to a functional illiterate. Thus, according to Dr. Jones, Chavis lacks transferable skills and cannot perform her only previous work of housekeeping.

Dillard's again sent Chavis to Dr. Gidman, who reiterated his opinion that Chavis could return to sedentary work. However, as before, Dr. Gidman's opinion did not take all of Chavis' conditions into consideration. His opinion was solely based on her cervical injuries. Dillard's based its denial of reclassification of Chavis to permanently and totally disabled on this medical evidence.

Dillard's, throughout the entire process of medical treatment, paid Chavis fully indemnity benefits and sought to find her a job that fit within her restrictions. However, given her opinion of total and permanent disability, Dr. Jones iterated that no such job existed.

Chavis filed a disputed claim for compensation wherein the sole issue was disability status. At the time of the trial, Chavis was being paid supplemental

earnings benefits and has not been denied any access to, or payment of, medical treatment.

After the trial, the WCJ found that Chavis was permanently and totally disabled. Further, the WCJ awarded Chavis attorney's fees, but not penalties. Dillard's filed this appeal and raised one assignment of error. Chavis responded by raising an assignment of error and an ancillary matter.

**ASSIGNMENT OF ERROR DILLARD'S:**

The WCJ erred in awarding attorney's fees to Chavis.

**ASSIGNMENT OF ERROR CHAVIS:**

The WCJ erred in failing to award penalties to Chavis.

**DISCUSSION OF THE MERITS:**

Dillard's contends in its sole assignment of error that the WCJ erred in awarding attorney's fees to Chavis. In her assignment of error, Chavis contends that the WCJ erred in failing to award her penalties. We find no merit to either of these contentions. We will address them under the same heading because the imposition of penalties and attorney's fees are governed by the same standard of review and statutory provision.

*Standard of Review:*

"The determination of whether an employer or insurer should be cast with penalties and attorney fees in a workers compensation action is essentially a question of fact subject to the manifest error or clearly wrong standard of appellate review." *LeBlanc v. Excel Auto Parts*, 11-58, pp. 4-5 (La.App. 3 Cir. 6/1/11), 67 So.3d 687, 690 (*citing Authement v. Shappert Engineering*, 02-1631 (La. 2/25/03), 840 So.2d 1181; *LeJeune v. Bell Tower Corp.*, 09-1222 (La.App. 3 Cir. 4/7/10), 34 So.3d 464).

*Attorney's Fees:*

Louisiana Revised Statutes 23:1201(F), in pertinent part, states, "[f]ailure to provide payment in accordance with this Section . . . shall result in the assessment of . . . reasonable attorney fees for each disputed claim. . ." This court, in *Joiner v. Newberg Venture*, 94-1533 (La.App. 3 Cir. 5/3/95), 657 So.2d 206, dealt with an employer changing an employee's benefits from temporary, total disability benefits to supplemental earnings benefits in an arbitrary, capricious manner without probable cause. In *Joiner*, we stated, "[t]he insurer must make reasonable efforts to ascertain the employee's exact medical condition at the time benefits are terminated or changed." *Id.*, at 209 (citing *Miles v. F.D. Shay Contractor, Inc.*, 626 So.2d 74 (La.App. 3 Cir. 1993)).

Here, while the employer did not change the employee's benefits, nor fail to pay the employee any benefit; it faced a request for a change in disability status and refused. Dillard's bases its contention that attorney's fees were improperly awarded on the fact that there was no indifference or undesirable conduct on its part that should have resulted in a penalty of any form. The WCJ felt otherwise, as it asserted that Dillard's position that Chavis was not permanently and totally disabled was "unsupportable, untenable, and non-defensible. [sic]"

Dillard's denied Chavis' request to be classified as permanently and totally disabled based on the opinions of two orthopedic surgeons. Both physicians agreed that Chavis had reached maximum medical improvement and both released her to work with restrictions from her cervical injuries. However, neither orthopedic surgeon's opinion was based on Chavis' ability to perform work in light of her entire person, both physically and mentally.

Chavis' treating family physician, Dr. Susan Jones, provided the only medical evidence directly on point regarding Chavis' ability to work when

4

considering her as a whole. Dr. Jones' testimony on Chavis' ability to return to work is as follows:

> Q    Dr. Jones, do you believe that [Chavis] can perform any type of work?
>
> A    I think she's disabled permanently and totally disabled.
>
> Q    Then you answer would be "No"?
>
> A    No.

When questioned as to how she reached that conclusion, Dr. Jones pointed to several factors, including, but not limited to, Chavis' cervical condition, educational level, age, stroke history, anxiety, high blood pressure, balance issues, lack of experience working on a computer, lack of ability to obtain a driver's license, and left hand shaking and weakness. Dillard's provided no medical evidence that directly controverted Dr. Jones' opinion.

Accordingly, after a thorough review of the record, we find a reasonable basis for the WCJ's imposition of attorney's fees. Dillard's failed to ascertain Chavis' medical condition when she requested to have her status changed to totally and permanently disabled. Rather, it relied on incomplete medical evidence to deny her request and forced her to bring a suit to get her status changed. Thus, Dillard's conduct caused Chavis to undergo a trial and incur unnecessary attorney's fees. An award by the WCJ of such attorney's fees is reasonable. As such, we affirm the WCJ's imposition of attorney's fees against Dillard's.

*Penalties:*

Chavis, in her sole assignment of error, asserts that the WCJ erred in failing to award her penalties. We do not agree.

The language in La.R.S. 23:1201(F) is different in addressing penalties than when it addressed attorney's fees. It states, in pertinent part:

5

> Failure to provide payment in accordance with this Section or failure to consent to the employee's request to select a treating physician or change physicians when such consent is required by R.S. 23:1121 shall result in the assessment of a penalty in an amount up to the greater of twelve percent of any unpaid compensation or medical benefits, or fifty dollars per calendar day for each day in which any and all compensation or medical benefits remain unpaid or such consent is withheld, together with reasonable attorney fees for each disputed claim. . .

La.R.S. 1201(F).

In this case, Chavis did not allege any benefits were unpaid nor did she allege that Dillard's failed to consent to her request to choose a treating physician. Rather, she asserted in her brief that Dillard's refusal caused her to be paid monthly as a recipient of supplemental earnings benefits instead of weekly as a recipient of permanent and total disability benefits and that Dillard's continually paid her benefits late.

Our review of the record indicates that Chavis did not develop this assertion. While she alleged entitlement to penalties in her disputed claim for compensation, there is no argument in her post-trial brief as to why she is entitled to penalties nor is there any defense presented by Dillard's on this issue. Further, there is no evidence in the record of how weekly benefits versus monthly benefits constitutes "[f]ailure to provide payment in accordance with" La.R.S. 23:1201(F).

We do note that a recipient of supplemental earnings benefits normally has to submit a form monthly in order to be paid her wage benefits whereas a recipient of total and permanent disability benefits simply receives wage benefits weekly without the necessity of submitting such a form. However, this point was not argued to this court or the court below and is also not developed in the record.

Accordingly, while the issue raised but not developed by Chavis regarding payment weekly versus monthly arguably could provide a reasonable basis for awarding penalties, under La.Code Civ.P. art. 2164 this court can only render a

6

judgment based on the record before it. Therefore, based on the record, we affirm the WCJ's decision not penalize Dillard's for its conduct in this case.

**ANCILLARY MATTER:**

As an ancillary matter, Chavis properly requested additional attorney's fees for work done on appeal. We grant this request.

"When an award for attorney's fees is granted at a lower court level, the recipient of those fees is entitled to additional fees for work done on appeal. This keeps the appellate judgment consistent with the underlying judgment." *McFadden v. Import One, Inc.*, 10–952, p. 16 (La.App. 3 Cir. 2/9/11), 56 So.3d 1212, 1223 (citing *Wilczewski v. Brookshire Grocery Store*, 08–718, p. 18 (La.App. 3 Cir. 1/28/09), 2 So.3d 1214, 1226, *writ denied*, 09–456 (La.4/13/09), 5 So.3d 170.)

Here, Chavis successfully defended an award of attorney's fees that the WCJ made below. Further, as was the case with attorney's fees below, Dillard's occasioned that Chavis incur attorney's fees on the appellate level. As such, given our review of the record, we find that Chavis is entitled to an award of $2,500.00 for attorney's fees for work done on appeal.

**CONCLUSION:**

Dillard's, Inc. and Ace American Insurance Company raised an assignment of error alleging that the WCJ improperly awarded Fannie Chavis attorney's fees. Fannie Chavis responded by defending the award of attorney's fees below, asserting an assignment of error that the WCJ improperly denied her request for penalties below, and raising an ancillary matter requesting additional attorney's fees for work done on appeal.

We affirm the WCJ's judgment in all respects and award Fannie Chavis $2,500.00 in attorney's fees for work done on appeal. All costs of these proceedings are assessed to Dillard's, Inc. and Ace American Insurance Company.

**AFFIRMED.**