# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 08-920


CHESTER ARMAND

VERSUS

DENTON-JAMES, L.L.C.


************

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 02
PARISH OF RAPIDES, NO. 07-07890
JAMES BRADDOCK, WORKERS' COMPENSATION JUDGE

************

## MICHAEL G. SULLIVAN
## JUDGE

************

Court composed of Marc T. Amy, Michael G. Sullivan, and Shannon J. Gremillion, Judges.


**Gremillion, J., dissents in part and assigns written reasons.**

**AFFIRMED AS AMENDED.**

Mark A. Watson
Stafford, Stewart & Potter
Post Office Box 1711
Alexandria, Louisiana 71309
(318) 487-4910
Counsel for Defendant/Appellant:
    Denton-James, L.L.C.

Joseph J. Bailey
Provosty, Sadler, deLaunay, Fiorenza & Sobel
Post Office Drawer 1791
Alexandria, Louisiana 71309-1791
(318) 445-3631
Counsel for Plaintiff/Appellee:
    Chester Armand

**SULLIVAN, Judge.**

Employer appeals a judgment which denies its La.R.S. 23:1208.1 and 23:1208 defenses and awards Claimant relief he sought in this workers' compensation matter. For the following reasons, the judgment is affirmed, and Claimant is awarded additional attorney fees for work performed on this appeal.

### *Facts*

Chester Armand was injured on March 14, 2007, while working in the course and scope of his employment with Denton-James, L.L.C. (Denton-James). Denton-James began paying indemnity benefits. Mr. Armand filed a disputed claim, asserting that his benefits were not properly calculated, his benefits were not being paid timely, he was not receiving transportation to doctor appointments, and he was denied medical treatment as prescribed by his treating physician. Mr. Armand amended his claim to request penalties and attorney fees.

Denton-James admitted in its answer and stipulated at trial that Mr. Armand had been injured in a job-related accident. However, it denied that he was entitled to benefits on the basis that he did not correctly complete a Medical History Questionnaire regarding prior injuries and violated the provisions of La.R.S. 23:1208.1. Thereafter, Denton-James filed a motion for summary judgment, asserting this defense. After receiving Mr. Armand's affidavit in opposition to its motion for summary judgment, Denton-James amended its answer, urging that the affidavit violated La.R.S. 23:1208. The motion for summary judgment was referred to the merits of the case.

The matter proceeded to trial on Mr. Armand's claims that Denton-James denied him prescribed medical treatment and that the denial entitled him to penalties

1

and attorney fees. At the conclusion of the trial, the Workers' Compensation Judge (WCJ) denied Denton-James's motion for summary judgment and awarded judgment in favor of Mr. Armand, approving his request for neck surgery, as recommended by his treating physician, and awarding penalties in the amount of $2,000 and attorney fees in the amount of $6,500.

Denton-James appealed the judgment, and Mr. Armand answered the appeal, seeking an award of attorney fees for work performed on appeal.

### *Discussion*

Mr. Armand began working for Denton-James on January 15, 2007. At that time, he was receiving Social Security disability benefits and was working on a trial basis in an attempt to return to employment. Mr. Armand's disability was the result of injuries he suffered to his neck and back in automobile accidents which occurred in 1989 and 1995. His disability benefits were discontinued February 1, 2007.

Mr. Armand testified that he learned of the job with Denton-James from an acquaintance, Zelian Armand (Zelian), a Denton-James employee, in late fall of 2006. According to Mr. Armand, Zelian asked him at that time if he wanted a job. He explained to Zelian that he had hurt his back and had been disabled but was doing better and wanted to return to work. He also explained that Denton-James probably would not hire him because he had been on disability and that other potential employers would not hire him when they learned he was receiving disability benefits. Mr. Armand testified that Zelian told him his prior injuries were not a problem because Denton-James did not require physical examinations for employment.

According to Mr. Armand, he never completed any documents before beginning his employment with Denton-James. Instead, he testified that he signed

documents Zelian presented to him on two occasions, but he did not place any marks, other than his signature, on any document.

Zelian, a concrete foreman for Denton-James, had the ability to hire and fire personnel who worked under him, such as Mr. Armand. Zelian testified that he did not recall any conversation with Mr. Armand before Mr. Armand went to work for Denton-James and that he had no knowledge of Mr. Armand having any prior neck or back injuries for which he received Social Security disability benefits. Zelian further testified that he gave Mr. Armand an application, which Mr. Armand filled out and returned to him, and that he then gave the application to office personnel but did not review it before doing so. He denied placing checks in any of the boxes on Mr. Armand's Medical History Questionnaire.

The office employee to whom Zelian delivered Mr. Armand's application faxed it to Denton-James's Baton Rouge office. She testified that Mr. Armand was with Zelian when Zelian handed her the application. She did not remember reviewing the application. Denton-James's Baton Rouge personnel manager testified that she only reviewed the application to ensure that it had been completed and that Mr. Armand would not have been allowed to begin working for Denton-James if his application was incomplete. A copy, not the original, of Mr. Armand's original application was produced by Denton-James.

When questioned by counsel for Denton-James, Zelian *disagreed* with statements in Mr. Armand's affidavit that he had knowledge of Mr. Armand's prior injuries and receipt of Social Security disability benefits. However, on cross-examination by Mr. Armand's counsel, he stated that he *did not remember* Mr. Armand advising him of his prior injuries and his receipt of Social Security

3

disability benefits. When asked about the difference in his testimony, he questioned whether there was a difference between disagreeing and not remembering. On reexamination by Denton-James's counsel, Zelian testified that he would not have hired anyone receiving Social Security disability benefits.

Bryan Johnson, the adjustor who handled Mr. Armand's claim, testified that when questioned about Mr. Armand's incident, Zelian told him he did not know Mr. Armand and Mr. Armand was never hurt at work. Mr. Johnson also testified that Mr. Armand did not attempt to hide his previous injuries from him, as evidenced by his returning to Dr. Louis C. Blanda, the physician who treated his prior injuries.

### *Louisiana Revised Statutes 23:1208.1 Forfeiture*

Denton-James urges that the WCJ erred when he determined it did not prove Mr. Armand intentionally provided false information on his Medical History Questionnaire which resulted in forfeiture of his benefits. It also contends that if Mr. Armand simply did not answer the pertinent questions on his Medical History Questionnaire and provided no information concerning his prior medical conditions and/or disabilities, he prejudiced its ability to recover from the Second Injury Fund, resulting in forfeiture of his benefits.

Louisiana Revised Statutes 23:1208.1 allows employers to ask employees about prior injuries. It provides for the forfeiture of an employee's benefits when the employee fails to truthfully answer a medical questionnaire regarding previous injuries, disabilities, or other medical conditions if an answer directly relates to the medical condition for which he seeks benefits or if the untruthfulness affects the employer's ability to seek reimbursement of benefits it paid the employee from a

4

special fund. This special fund, known as the "Second Injury Fund," was designed to:

> [E]ncourage the employment of physically handicapped employees who have a permanent, partial disability by protecting employers . . . from excess liability for workers' compensation for disability when a subsequent injury to such an employee merges with his preexisting permanent physical disability to cause a greater disability than would have resulted from the subsequent injury alone."

La.R.S. 23:1371(A).

Under certain circumstances, an employer can seek reimbursement from the Second Injury Fund for a work injury which occurred subsequently to a known permanent, partial disability (PPD). La.R.S. 23:1371 and 23:1378. A PPD is "any permanent condition, whether congenital or due to injury or disease, of such seriousness as to constitute a hindrance or obstacle to obtaining employment or to obtaining reemployment if the employee should become unemployed." La.R.S. 23:1378(F). There are thirty conditions which the law presumes to be PPDs. *Id.* Employers have employees complete questionnaires which seek information that may establish the employee has a PPD. Questions concerning any conditions or injuries not listed in La.R.S. 23:1378(F) must be narrowly tailored for the purpose of determining the existence of a PPD. *See Wise v. J.E. Merit Constructors, Inc.*, 97-684 (La. 1/21/98), 707 So.2d 1214; *King v. Grand Cove Nursing Home*, 93-779 (La.App. 3 Cir. 3/9/94), 640 So.2d 348, *writ denied*, 94-865 (La. 5/13/94), 641 So.2d 204.

Noting that this provision must be strictly construed because forfeiture is such a harsh remedy, the supreme court outlined in *Nabors Drilling USA v. Davis*, 03-316, pp. 4-5 (La. 10/21/03), 857 So.2d 407, 414 (citations omitted), when forfeiture is allowed:

5

By its express terms, LSA-R.S. 23:1208.1 provides for forfeiture under three circumstances. There must be (1) an untruthful statement; (2) prejudice to the employer; and (3) compliance with the notice requirements of the statute. The employer has the burden of proving each of the elements required by the statute. The lack of any one of the elements is fatal to the employer's avoidance of liability under the statute.

The supreme court specifically held in *Wise*, 707 So.2d 1214, that proof of an untruthful statement alone is insufficient to forfeit an employee's benefits. The employer must also establish that it was prejudiced. It can do this in one of two ways. First, the employer can establish that there is a direct relation between the prior injury and the post-employment injury; however, it is insufficient to simply establish that the injured body part at issue was previously injured. "[A] direct relation is established when the subsequent injury was inevitable or very likely to occur because of the presence of the preexisting condition." *Id.* at 1220. Additionally, the employer can establish with medical evidence that the pre-employment injury/disability "merged" with the post-employment injury to "produce a greater disability than would have occurred" with the post-employment injury/disability alone. *Id.*; *see also*, La.R.S. 23:1371(C).

Mr. Armand testified that he performed his work, which included operating a backhoe, driving a truck, loading lumber, moving generators, stacking wood, and working in the office, as directed. He had worked two months prior to his injury and had performed all his job duties without a problem. He was not injured while performing his job duties but when a co-employee deliberately pulled his leg while he was seated on a backhoe. Mr. Armand testified that he put out his leg to stop the co-employee, who was climbing up the backhoe toward him, and that the co-employee pulled his leg and twisted his foot. He further testified that he felt like his

6

lower back was "coming apart." He had been holding onto the backhoe's steering wheel but let go of it to blow the horn. When he did, he felt his neck and wrist pop. Mr. Armand's description of the incident was not disputed.

Mr. Armand's prior back and neck injuries did not cause the accident in which he was injured, and he was not injured while performing his regular job duties. There is no medical evidence which establishes that his post-employment injury was very likely to occur because of a pre-existing condition or that his prior injuries merged with his post-employment injury and resulted in a greater disability than would have occurred as a result of the post-employment injury alone. In fact, Mr. Johnson admitted there was no medical evidence which indicated Mr. Armand's pre-employment disability was worsened by the incident. Therefore, Denton-James failed to prove it was prejudiced by Mr. Armand's Medical History Questionnaire, whether Mr. Armand made untruthful statements on it or left pertinent questions unanswered, and the WCJ did not err in finding that Denton-James did not prove the affirmative defense of forfeiture under La.R.S. 23:1208.1.

***Louisiana Revised Statutes 23:1208 Forfeiture***

Denton-James next contends that Mr. Armand made untrue statements in his affidavit filed in opposition to its Motion for Summary Judgment, which forfeited his benefits. Louisiana Revised Statutes 23:1208 provides that any employee who "willfully make[s] a false statement or representation" in order to obtain workers' compensation benefits forfeits his right to such benefits.

As previously noted, forfeiture of benefits is a harsh remedy which must be strictly construed. *Nabors*, 857 So.2d 407; *see also, Smith v. Quarles Drilling Co.*, 99-171 (La.App. 3 Cir. 6/2/99), 741 So.2d 829, *writ denied*, 99-1949 (La. 10/8/99),

7

751 So.2d 227. Whether or not an employee has forfeited his right to benefits under La.R.S. 23:1208 is a question of fact, which will not be reversed on appeal in the absence of manifest error. *Smith*, 741 So.2d 829.

The WCJ denied Denton-James's forfeiture claim under La.R.S. 23:1208 because Zelian testified that he disagreed with Mr. Armand's statements, then testified that he did not remember anything regarding his conversations with Mr. Armand before his employment with Denton-James. Zelian later testified that he never would have hired anyone receiving Social Security disability benefits. The evidence also established that when questioned by Mr. Johnson, Zelian falsely denied knowing Mr. Armand and knowing that he was injured while working. In light of Zelian's equivocal testimony and false statements, it was reasonable for the WCJ to question his credibility.

From the record, it appears as though the WCJ concluded that Denton-James did not prove Mr. Armand made false statements in his affidavit after weighing the credibility and reliability of Zelian's testimony. With nothing more than the testimony of these two men to decide this issue, there is no basis in the record which would allow us to find error with this conclusion; therefore, the denial of Denton-James's affirmative defense under La.R.S. 23:1208 is affirmed.

***Authorization for Surgery***

Denton-James's assignment of error regarding the WCJ's order that it authorize the surgery prescribed by Mr. Armand's treating physician is premised on its claims that Mr. Armand forfeited his benefits. Finding no error with the WCJ's determinations that Denton-James's La.R.S. 23:1208.1 and 23:1208 defenses are without merit, we find no error with this order.

8

***Penalties and Attorney Fees***

In its last assignment of error, Denton-James asserts that the WCJ erred in awarding penalties and attorney fees. It urges that it did not approve or deny the requested surgery because of the defenses it asserts herein and that its inaction was reasonable, especially in light of its continuous payment of indemnity benefits and medical expenses, except for the requested surgery.

Louisiana Revised Statutes 23:1201(F) subjects the employer or insurer to penalties and attorney fees for failure to pay benefits owed, unless the claim is reasonably controverted or if the nonpayment results from conditions beyond the control of the employer or insurer. An award of penalties and attorney fees is a factual determination which we will not reverse absent a finding of manifest error. *Harris v. Christus St. Patrick Hosp.*, 02-1502 (La.App. 3 Cir. 10/22/03), 857 So.2d 1278, *writ denied*, 03-3193 (La. 2/13/04), 867 So.2d 697. An employer's failure to authorize a necessary medical procedure is deemed to be a failure to furnish the benefits required by La.R.S. 23:1203, and failure to authorize such treatment subjects the employer to the sanctions of La.R.S. 23:1201(F). *Authement v. Shappert Eng'g*, 02-1631 (La. 2/25/03), 840 So.2d 1181.

The WCJ determined that Denton-James's failure to authorize surgery was arbitrary and capricious in light of jurisprudence on this issue. Citing *Hickman v. Jim Smith Logging*, 04-157 (La.App. 3 Cir. 9/29/04), 883 So.2d 1072, *writ denied*, 04-2682 (La. 1/14/05), 889 So.2d 269, Denton-James urges that the imposition of penalties and attorney fees was error because it reasonably controverted Mr. Armand's claim. In *Hickman*, 883 So.2d at 1078-79 (emphasis added), this court denied the claimant's request for penalties and attorney fees, explaining:

9

In order for the claimant to recover penalties and attorney fees, there must be a showing that the defendant did not raise a seriously disputed issue. "To reasonably controvert a workers' compensation claim so as to avoid imposition of penalties and attorney fees, the employer and its insurer must provide sufficient factual and medical information to reasonably counter the evidence provided by the claimant." *Johnson v. Johnson Controls, Inc.*, 38,495, pp. 16-17 (La.App. 2 Cir. 5/12/04), 873 So.2d 923, 933-34. The defendant had a legitimate defense because the plaintiff failed to disclose his prior injury and this area has been the subject matter of much debate.

It is unimportant that the defendant did not dispute every single point, as long as it raised a legitimate issue. Provision of worker's [sic] compensation statute authorizing award of attorney fees to claimant is penal in nature and, thus, must be strictly construed and employer should not be penalized for taking close factual or legal question to court for resolution. *Lindon v. Terminix Servs., Inc.*, 617 So.2d 1251, 1253 (La.App. 3 Cir.), *writ denied*, 624 So.2d 1226 (La.1993).

Consideration of the evidence in light of this passage establishes that Denton-James did not raise a seriously disputed issue. It relied on Zelian's testimony to establish that Mr. Armand failed to disclose a prior injury. His testimony was equivocal at best, and Mr. Johnson's trial testimony indicates that Zelian's deposition testimony[1] called into question the veracity of Zelian's statements to him shortly after Mr. Armand's injury; yet, Denton-James maintained its prior position and did not approve surgery.

More importantly, Denton-James did not present any evidence to establish that it was prejudiced by Mr. Armand's Medical History Questionnaire. Its refusal to approve the surgery was not based on medical evidence at all. Furthermore, Mr. Johnson testified that the basis for this position was Mr. Armand's receipt of Social Security disability benefits for those prior injuries. Therefore, even if Denton-James had established that Mr. Armand answered questions on the Medical History Questionnaire falsely or just did not answer the questions, it did not prove it was

---

[1]Zelian's deposition is not in the record.

10

prejudiced. Accordingly, Denton-James did not seriously dispute Mr. Armand's request for surgery.

Denton-James's La.R.S. 23:1208 defense that Mr. Armand's affidavit opposing its motion for summary judgment contains false statements made for the purpose of obtaining benefits also has no merit. In *Harrington v. Coastal Construction & Engineering*, 96-681, p. 3 (La.App. 3 Cir. 12/11/96), 685 So.2d 457, 459, *writ denied*, 97-109 (La. 3/7/97), 689 So.2d 1375, this court held that "the employer must rely on competent medical advice when the decision to deny the medical treatment is made" and cannot rely on "actions taken after the denial of treatment to support the denial of treatment." *Id*. at 459-60. As previously discussed, Denton-James did not present *any* medical evidence to establish that its denial of surgery was reasonable. Furthermore, Dr. Blanda's records indicate that he requested approval for surgery in October 2007, and Mr. Armand's affidavit was not filed into the record of this matter until March 8, 2008, more than ninety days after the request. Therefore, Mr. Armand's affidavit is not a valid basis for denying surgery.

Mr. Armand answered Denton-James's appeal to request an increase in attorney fees for work performed by his counsel on appeal. We award an additional $2,500 in attorney fees for work performed by counsel in connection with this appeal.

### *Disposition*

The judgment of the WCJ is amended to award Mr. Armand additional attorney fees in the amount of $2,500 for work performed on appeal and is affirmed in all other respects.

**AFFIRMED AS AMENDED.**

11

COURT OF APPEAL

THIRD CIRCUIT

08-920

**CHESTER ARMAND v. DENTON-JAMES, L.L.C.**

**GREMILLION, Judge, dissents in part and assigns the following reasons.**

I wholly concur with affirming the workers' compensation judge's ruling regarding the denial of benefits to the employee. Moreover, the employer did not prove its case. However, I respectfully dissent in affirming the workers' compensation judge's award of penalties and attorneys fees.

This dispute arose when Denton-James refused to authorize neck surgery based upon La.R.S. 23:1208.1. Up to that point all indemnity payments were made, and all medical expenses paid. Denton-James did not seek to terminate benefits under La.R.S. 23:1208 until Armand executed his affidavit opposing summary judgment. Denton-James asserted the affidavit contained false statements.

The cases interpreting §1208.1 prescribe what the employer must prove in order to succeed in denying benefits to the employee. Those elements are: 1) an untruthful statement; 2) prejudice to the employer; and 3) compliance with the statute's notice requirements. *Nabors Drilling USA v. Davis*, 03-0316 (La. 10/21/03), 857 So.2d 407. However, the plain language of the statute allows an employer to deny benefits if the failure to truthfully answer the questionnaire directly relates to the medical condition for which benefits are sought, or affects the employer's ability to receive reimbursement from the second injury fund. Jurisprudence also expresses, with specificity, what the executed questionnaire must show to evidence an untruthful answer. That is, the employee must clearly indicate "no" on the questionnaire with

1

regard to prior injuries. *Boh Bros. Construction Co. v. Price*, 00-2233 (La.App. 4 Cir. 8/29/01), 800 So.2d 898, *writ denied*, 01-2623 (La. 12/14/01), 804 So.2d 634.

Here, that is exactly what the injury questionnaire indicates. Armand's questionnaire expressly notes "no" in response to the question regarding prior neck and back injuries. While the majority understandably focuses its analysis on the factfinder's credibility determination of the trial testimony, the workers compensation judge actually premised the imposition of penalties on Denton-James' reliance on the questionnaire. He felt it was vague in asking whether Armand had any previous back or neck "problems." The questionnaire is not vague. As I stated hereinabove, it meets even to most precise requirements of Louisiana statutory and case law. *Boh Bros. Construction*, 800 So.2d 898, and La. R.S. 23:1208. Furthermore, it was undisputedly signed by Armand, and no evidence was ever presented to suggest that it was filled out by anyone other than the employee.

Failure to authorize medical treatment as required under La.R.S. 23:1203 can result in the imposition of a penalty; however, the penalty is not imposed if the claim is reasonably controverted. La. R.S. 23:1201(F)(2). A claim is reasonably controverted when the employer or insurer produces factual or medical information of such a nature that it reasonably counters the claimant's evidence. *Davis v. Jones Baldwin Music Co.,* 27,545 (La. App. 2 Cir. 11/1/95), 662 So.2d 803. When the second injury questionnaire expressly denies a previous condition directly related to the condition for which benefits were sought, the employer or insurer can surely have been said to have produced factual information of a nature to reasonably counter the employee's evidence.

In *Hickman v. Jim Smith Logging*, 04-0157 (La.App. 3 Cir. 9/29/04), 883 so.2d

2

1072, *writ denied*, 04-2682 (La. 1/14/05), 889 So.2d 269, we stated that it is unimportant that the defendant did not dispute every single point, as long as it raised a legitimate issue. I see no difference here. There is no dispute that the form provided to Denton-James failed to disclose a prior injury, and indeed denies a previous injury. Armand had two previous neck and back injuries, for which he received Social Security disability benefits.

While I agree that the workers' compensation judge did not manifestly err in denying the defenses under §§1208, and 1208.1, I do feel that the award of penalties and attorneys fees was clear error.