# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 12-1126


**FREDERICK FOY**

**VERSUS**

**AMERISAFE RISK SERVICES, INC.**


**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 3
PARISH OF CALCASIEU, NO. 11-07687
SAM L. LOWERY, WORKERS' COMPENSATION JUDGE

**\*\*\*\*\*\*\*\*\*\***

## JOHN D. SAUNDERS
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, John D. Saunders, and Jimmie C. Peters, Judges.


**REVERSED AND RENDERED IN PART, AFFIRMED IN PART.**

**Jeffrey Martin Cole**
**Plauche, Smith & Nieset**
**P.O. Drawer 1705**
**Lake Charles, LA 70602**
**(337) 436-0522**
**COUNSEL FOR DEFENDANT APPELLEE:**
     **Amerisafe Risk Services, Inc.**

**Michael Glenn Hodgkins**
**Bice, Palermo & Veron, LLC**
**P. O. Box 2125**
**Lake Charles, LA 70602**
**(337) 310-1600**
**COUNSEL FOR PLAINTIFF APPELLANT:**
    **Frederick Foy**

**SAUNDERS, Judge.**

This workers' compensation case involves and employee injured while in the course and scope of his employment. The employee and his original treating physician were notified that the treating physician's recommended physical therapy was denied by a utilization review. Thus, the treating physician released the employee back to work, and the employee's workers' compensation benefits were terminated.

According to the adjuster working on the case, the physical therapy was approved, overturning the utilization review, shortly after the denial. However, the adjuster failed to inform the employee or the original treating physician of this overturning/approval. Rather, he testified that he notified the potential physical therapy provider of this approval. No record of this approval appears in the physical therapy provider's records.

Months later, the employee, after hiring counsel, went to an orthopedic surgeon, who recommended physical therapy and epidural steroid injections. Further, the orthopedic surgeon opined that the employee should refrain from working. The employer's insurer denied these treatments and requested benefits, pending a second medical opinion, which they did not obtain until four months later.

The workers' compensation judge (WCJ) denied any penalties for the denial of the original treating physician's recommended physical therapy, denied temporary, total disability (TTD) benefits starting from the date of termination of benefits until the orthopedic surgeon opined that the employee could not work, granted TTD benefits from when the orthopedic surgeon opined that the employee could not work, and awarded the employee a single penalty from the insurer's denial of the orthopedic surgeon's multiple elements in a plan of treatment.

The employee filed this appeal. We reverse and render, in part, and affirm, in part.

**FACTS AND PROCEDURAL HISTORY:**

On October 27, 2010, Frederick Foy (Foy) was injured in the course and scope of his employment with Specialized Environmental Resources, L.L.C. Foy was seen by Dr. William Lowry, the company doctor. Dr. Lowry prescribed physical therapy on April 21, 2011, after finding that Foy suffered a cervical strain, myofascial pain, and right shoulder pain. A utilization review was performed. The utilization review denied the physical therapy. Dr. Lowry then had Foy perform home exercises in lieu of his recommended physical therapy.

On June 2, 2011, Dr. Lowry released Foy back to work. On June 17, 2011, Foy's workers compensation benefits were terminated.

On October 7, 2011, Foy filed a 1008 claim for workers' compensation benefits against Specialized Environmental Resources, L.L.C., and Amerisafe Risk Services, Inc. (collectively defendants). On October 19, 2011, Foy was seen by Dr. Clark Gunderson, an orthopedic surgeon. Dr. Gunderson recommended physical therapy and epidural steroid injections for Foy and for Foy to refrain from working. Defendants denied these workers' compensation benefits pending a second medical opinion which took four months to obtain.

On April 2, 2012, the matter was heard by the WCJ. Judgment was signed on June 26, 2012, that defendants pay Foy $4,000.00 in penalties, $6,620.00 in attorney's fees, and $442.30 in expenses. Additionally, the WCJ approved all medical treatment by Dr. Gunderson.

Foy filed this appeal. In it, he alleges three assignments of error.

**ASSIGNMENTS OF ERROR:**

2

1. The WCJ erred in failing to award a penalty of $2,000.00 against the defendants for failure to approve the physical therapy ordered by the company doctor, Dr. William Lowry.

2. The WCJ erred in failing to award two separate penalties for the defendant's failure to approve two separate medical treatments: (1) the physical therapy ordered by Dr. Clark Gunderson; and (2) the cervical epidural steroid injection ordered by Dr. Clark Gunderson. The WCJ combined these two actions together, and awarded only one penalty.

3. The WCJ erred in failing to award temporary total disability benefits from June 17, 2011, to October 19, 2011.

**ASSIGNMENT OF ERROR NUMBER ONE:**

In his first assignment of error, Foy contends that the WCJ erred in failing to award a penalty of $2,000.00 against defendants for failure to properly approve the physical therapy ordered by the company doctor, Dr. William Lowry. We find that this contention has merit.

"The determination of whether an employer or insurer should be cast with penalties and attorney fees in a workers compensation action is essentially a question of fact subject to the manifest error or clearly wrong standard of appellate review." *LeBlanc v. Excel Auto Parts*, 11-58, pp. 4-5 (La.App. 3 Cir. 6/1/11), 67 So.3d 687, 690 (*citing Authement v. Shappert Engineering*, 02-1631 (La.2/25/03), 840 So.2d 1181; *LeJeune v. Bell Tower Corp.*, 09-1222 (La.App. 3 Cir. 4/7/10), 34 So.3d 464). "However, when there are errors of law asserted on appeal, the appellate court must make a determination whether the workers' compensation judge's ruling was legally correct." *Miller v. Blacktype Farms*, 06-1202, p. 4 (La.App. 3 Cir. 3/7/07), 952 So.2d 867, 870 (*citing McClain v. Pinecrest Dev. Ctr.*, 00-1622 (La.App. 3 Cir. 2/28/01), 779 So.2d 1112).

3

In the case before us, physical therapy was prescribed to Foy by Dr. Lowry on April 21, 2011, for Foy's cervical strain, myofascial pain, and right shoulder pain. A utilization review denied this therapy on April 29, 2011. Both Foy and Dr. Lowry were informed of this denial.

Mark Pryor, the adjuster on this claim, testified that he overruled this denial and approved Dr. Lowry's prescribed physical therapy in May 2011. Further, Pryor stated that he informed Rehab One, the company that had previously performed physical therapy on Foy, of this overruling.

Foy never received the prescribed physical therapy, as neither he nor Dr. Lowry were informed of this "approval." Additionally, Foy was never contacted by Rehab One and notified of this "approval."

Regardless, the WCJ denied Foy any penalties based on its personal knowledge of Pryor's high character and on Pryor's testimony despite the complete absence of evidence in the record that corroborates Pryor's claim that he approved the therapy. Pryor candidly states that he never informed Dr. Lowry or Foy of his reversal of the utilization review and eventual "approval" of the therapy. Moreover, the records of Rehab One contain no evidence of Pryor's "approval."

Clearly, Pryor's testimony is sufficient evidence in the record to support the WCJ's finding of fact that Pryor actually made a phone call to Rehab One informing it of his decision to reverse the utilization review's denial of physical therapy. Thus, given the manifest error standard of review, we are directed to uphold the WCJ's finding that Pryor made that telephone call and that Rehab One had knowledge of the "approval" of Foy's physical therapy. Defendants argue that the WCJ's denial of Foy's requested penalty on this issue is proper because Pryor's informing of Rehab One was proper "approval" of Dr. Lowry's prescribed therapy.

4

However, Foy's assignment of error is that WCJ should have awarded him a penalty because defendants failed to property approve the physical therapy ordered by Dr. Lowry. Thus, the question before us is whether Pryor's actions constitute authorization of necessary medical procedures under La.R.S. 23:1201(F). Thus, this assignment of error poses a question of law.

An insurer's failure to authorize necessary medical procedures subjects that insurer to the sanctions of that statute. *Armand v. Denton-James, L.L.C.*, 08-920 (La.App. 3 Cir. 2/4/09), 2 So.3d 1272. As stated above, we must uphold the WCJ's finding of fact that Pryor informed Rehab One of his "approval" of the physical therapy. However, we find that Pryor's failure of inform either Dr. Lowry or Foy that defendants reversed the utilization review's denial of physical therapy is arbitrary and capricious which subjects defendants to sanctions under La.R.S. 23:1201. Black's Law Dictionary (9th ed. 2009), defines authorize as, "[t]o give legal authority; to empower." Inherent in this definition is that the one granting authority or empowering is giving that power to someone else. Clearly, that someone else has to have knowledge of the grant of authority or power, or it will not be exercised, making that grant of power fruitless.

Moreover, La.R.S. 23:1201 pertains to the duties owed to the injured worker. Failure by an employer or insurer to inform either the injured worker or the prescribing physician of its decision to reverse a denial of necessary medical treatment is a breach of that duty.

Therefore, we find that the WCJ's failure to award a penalty of $2,000.00 to Foy for this failure to properly authorize necessary medical treatment was manifestly erroneous. Accordingly, we reverse this denial and render that Foy is entitled to a penalty of $2,000.00 for the defendants' failure to properly authorize the physical therapy ordered by Dr. Lowry on April 21, 2011.

**ASSIGNMENT OF ERROR NUMBER TWO:**

Foy, in his second assignment of error, asserts that the WCJ erred in failing to award two separate penalties for defendant's failure to approve two separate medical treatments: (1) the physical therapy ordered by Dr. Clark Gunderson; and (2) the cervical epidural steroid injection ordered by Dr. Clark Gunderson. We do not agree.

Whether multiple violations occur of workers' compensation statutes is a determination subject to manifest error review. *Wyble v. Acadiana Prep. Sch.*, 07-91 (La.App. 3 Cir. 5/2/07), 956 So.2d 722, *writ denied*, 07-1178 (La.9/14/07), 963 So.2d 1004. We have been directed by our supreme court to "ferret out" these situations. *Fontenot v. Reddell Vidrine Water District*, 02-439, p. 18 (La.1/14/03), 836 So.2d 14, 27.

Here, the WCJ found that the physical therapy and epidural steroid injections were "part and parcel of the same treatment plan." Thus, the WCJ only awarded one penalty for this improper denial. Defendants' denial of both was based on their single ongoing, erroneous decision to deny treatments recommended by Dr. Gunderson until they could obtain a second medical opinion. While taking four months to obtain that second medical opinion is extreme, we find no error in the WCJ's "ferreting out" of this situation and awarding of a single penalty. There is no evidence in the record that defendants were sinister in failing to obtain the second medical opinion timely. Rather, the record indicates that defendants wanted the second medical opinion based on a single error, their belief that Dr. Lowry's recommendation that Foy could return to work was warranted.

**ASSIGNMENT OF ERROR NUMBER THREE:**

In his final assignment of error, Foy alleges that the WCJ erred in failing to award temporary total disability (TTD) benefits from June 17, 2011, to October 19, 2011. We find that this allegation is without merit.

A workers' compensation claimant, in order to be entitled to TTD benefits, must prove "by clear and convincing evidence, *unaided by any presumption of disability*, that the employee is physically unable to engage in any employment or self-employment. . . ." La.R.S. 23:1221 (1)(c) (emphasis added). A WCJ's decision regarding whether an employee carried his burden to prove entitlement to TTD benefits is a question of fact subject to the manifest error review. *Landry v. City of Scott*, 10-47 (La.App. 3 Cir. 6/2/10), 40 So.3d 428.

Here, Foy asks this court to find that the WCJ's denial of TTD benefits from June 17, 2011, to October 19, 2011, was in error. The only evidence in the record regarding whether Foy could have worked during this time is a report dated June 2, 2011 singed by Dr. Lowry that states, "[a]t this point [I] think [Foy] is okay to return to work."

Foy asks this court to find that he was entitled to TTD benefits because he was later found to be entitled to them on October 19, 2011, and, according to Foy, it is logical that if he was entitled to them then, he was entitled to them in the interim.

Foy's argument necessitates that this court to assume his disability, something La.R.S. 23:1221(C)(1) specifically prohibits. Accordingly, we find that no error by the WCJ in denying Foy TTD benefits from June 17, 2011 to October 19, 2011.

**CONCLUSION:**

Frederick Foy raised three assignments of error. We find merit in his first assignment that the WCJ erred in failing to award a penalty of $2,000.00 against

Amerisafe Risk Services, Inc. and Specialized Environmental Resources, L.L.C. for failure to properly authorize the physical therapy ordered by Dr. William Lowry. Thus, we render that Foy is entitled to an additional $2,000.00 penalty.

We find no merit in Foy's remaining assignments of error. Costs of this proceeding are assessed to Amerisafe Risk Services, Inc. and Specialized Environmental Resources, L.L.C.

**REVERSED AND RENDERED IN PART, AFFIRMED IN PART.**